[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT BY HARTFORD WHALERS
The plaintiff, Maurice Andrade, commenced this action on January 17, 1989 against the City of Hartford and the Hartford Whalers for personal injuries arising out of an incident occurring on November 7, 1987. The plaintiff alleges that he was struck by a hockey puck while watching a hockey game when the hockey puck left the ice surface and traveled over the glass. The plaintiff presented various claims of negligence all centered on the glass screening. Both defendants filed answers and special defenses to plaintiff's claims and the pleadings are closed.
Defendant, Hartford Whalers, moves for summary judgment on the ground that the City of Hartford was soley in control of the installation and maintenance of the glass screening.
The plaintiff claims that both defendants failed to maintain the glass barriers, failed to warn the plaintiff of the unsafe condition, and failed to maintain the glass barriers at an adequate height. The Hartford Whalers claim that the City of Hartford retained control over the dasher system and that the Hartford Whalers had no control.
Pursuant to a request for admissions served on the City of Hartford by the Hartford Whalers, the City admitted that under a lease between the parties, the City was required to equip the CT Page 2522 arena with hockey dashers, boards and modern transparent screens of at least regulation height; that the City was to prepare the arena for ice hockey; that it was obliged to maintain the arena and other equipment in a first class state of repair; and that it installed the glass boards for the ice hockey games. In response to interrogatories, the City of Hartford further admitted that it installed the boards and glass between hockey games.
In opposition to the motion for summary judgment, the City of Hartford has filed an affidavit and exhibits indicating that the Hartford Whalers actually selected and/or approved the Crystal Plex Dasher and Glass System which was purchased and installed by the City of Hartford. This raises a material question of fact as to which of the defendants exercised control, and to what extent that control was maintained as between the City of Hartford and the Hartford Whalers. Since there is a material question of fact, a motion for summary judgment is inappropriate at this time.
Accordingly, the Hartford Whaler's Motion for Summary Judgment is denied.
WAGNER, JUDGE